IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| DWIGHT DAVID HARRISON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | 1:16-CV-892 |
| v. | ) | 1:07-CR-199 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

On June 28, 2016, the Clerk received a paper writing in the form of a letter from the petitioner. (*See* Doc. 23). In that letter, the petitioner indicated a wish to challenge his conviction based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*See* Doc. 23).

The Magistrate Judge treated the paper writing as a § 2255 petition, directed the Clerk to send the appropriate forms to the petitioner, and advised the petitioner that failure to file an amended § 2255 petition within 30 days would mean dismissal. (Doc. 24). In the meantime, counsel was appointed for the petitioner in connection with his *Johnson* claim. (*See* Text Order entered July 27, 2016).

Thereafter, the Magistrate Judge entered a Recommendation that the motion be dismissed, given the petitioner's failure to file an amended petition. (Doc. 27). This Recommendation was served on the petitioner and counsel on August 25, 2016. (Docs. 27, 28). The petitioner filed a letter on September 2, 2016, stating that he was unable to file his § 2255 motion on the appropriate forms because the forms were not included with

the Recommendation and indicating he needed representation. (Doc. 29). Counsel did not file further objections and has indicated that the petitioner is not entitled to relief under *Johnson*. (Doc. 30).

To the extent the petitioner's most recent paper writing is a motion to appoint counsel, it will be denied as moot; counsel has been appointed. Indeed, counsel has reviewed the matter and determined that no *Johnson* petition should be filed.

Otherwise, and out of an abundance of caution, the Court will hold the matter open for thirty days to give the petitioner more time to file his motion on the appropriate forms. As previously explained by the Magistrate Judge, paper writings such as the letters submitted by the petitioner cannot be processed when they are not on appropriate forms and when they do not provide details of the claim made. (*See* Doc. 24). It is not enough to assert that a conviction is unconstitutional.

Mr. Harrison was convicted of Possession of a Firearm by a Felon, (Doc. 22), and was sentenced as an Armed Career Criminal based on prior convictions in Massachusetts for Felony Armed Assault with Intent to Commit Murder and two counts of Felony Assault With a Dangerous Weapon. (*See* Doc. 25 ¶ 18). As the Court understands Mr. Harrison's claim, he contends that his sentence is unconstitutional based on *Johnson*. However, he does not identify which of these previous convictions should no longer be considered violent felonies under the Armed Career Criminal Act, nor does he provide any legal authority to support such a contention. In any amended petition, Mr. Harrison should correct these deficiencies.

**IT IS THEREFORE ORDERED** that the petitioner's request for counsel is **DENIED** as moot; the Clerk shall mail copies of the appropriate forms need to file a § 2255 petition to the petitioner; and this matter will be held open until October 30, 2016. The petitioner is advised and warned that if he fails to file an amended petition on the appropriate forms, the Court may dismiss the case without further notice.

It is further **ORDERED** that the Federal Public Defender is relieved of any further duty to represent the petitioner.

This the 27th day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE